IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02472-BNB

PAUL L. MARTINEZ,

    Plaintiff,

v.

ANTHONY A. DECESARO, Grievance Officer, individually and in his official capacity,
RAE TIMME, Warden, Fremont Correctional Facility, individually and in her official capacity, and
SUSAN JONES, Warden, CSP and Centennial, individually and in her official capacity,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC -7 2010

GREGORY C. LANGHAM
                CLERK

## ORDER TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Paul L. Martinez, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Centennial Correctional Facility in Canon City, Colorado. He initiated this action on September 28, 2010, by filing a *pro se* Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Mr. Martinez filed a Prisoner Complaint on October 18, 2010, and an Amended Prisoner Complaint on November 9, 2010. He was granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

The Court must construe Mr. Martinez's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Martinez will be directed to file a second amended complaint.

The Court has reviewed Mr. Martinez's amended complaint and finds that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Martinez's claims are verbose and confusing. He sets forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims rather than providing "a generalized statement of the facts from which the defendant may form a responsive pleading." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is

2

sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

In addition, he supplements the amended complaint with additional information contained in numerous exhibits and medical documents. As a result, he creates a morass of allegations that he apparently expects the Court and the defendants to piece together. That is not the defendants' responsibility. Nor is it a judicial function.

It is Mr. Martinez' responsibility to present his claims in a manageable format that allows the Court and the defendants know what claims are being asserted and to be able to respond to those claims. Mr. Martinez must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). In the second amended complaint Mr. Martinez will be ordered to file, he is directed to assert his individual claims in a manageable format in one concise document.

Also in the second amended complaint, Mr. Martinez must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Martinez must name and show how the named defendants caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link

between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Warden Rae Timme, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Martinez may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Martinez uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Martinez will be given an opportunity to cure the deficiencies in his amended complaint by submitting a second amended complaint that states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8, names only proper parties, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Paul L. Martinez, **within thirty (30) days from the date of this order,** file a second amended complaint that complies with this order and with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Martinez, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Martinez fails to file a second amended complaint that complies with this order within the time allowed, the amended complaint and the action will be dismissed without further notice. It is

DATED December 7, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02472-BNB

Paul L. Martinez
Prisoner No. 44934
Centennial Correctional Facility
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER two copies of the Prisoner Complaint form** to the above-named individuals on 12/7/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk