IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 23 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-02472-BNB

PAUL L. MARTINEZ,

Plaintiff,

v.

ANTHONY A. DECESARO, Grievance Officer, Individual and in his Official Capacity,
RAE TIMME, Warden, Fremont Correctional Facility, Individual and in her Official Capacity, and
SUSAN JONES, Warden, CSP and CCF, Individually and in her Official Capacity,

Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Paul L. Martinez, is in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Centennial Correctional Facility in Canon City, Colorado. Mr. Martinez initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on October 18, 2010. Mr. Martinez filed an Amended Complaint on November 9, 2010. He has been granted leave to proceed ***in forma pauperis*** with payment of an initial partial filing fee.

On December 7, 2010, Magistrate Judge Boyd N. Boland determined that the amended complaint was deficient because it failed to comply with Fed. R. Civ. P. 8 and also failed to allege the personal participation of all named Defendants. Therefore, Magistrate Judge Boland ordered Mr. Martinez to file a second amended complaint. After receiving an extension of time, Mr. Martinez filed a second amended complaint on January 26, 201.

The Court must construe the second amended complaint liberally because Mr. Martinez is not represented by an attorney. ***See Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110. However, the Court should not act as an advocate for ***pro se*** litigants. ***See id.*** For the reasons set forth below, the second amended complaint will be dismissed.

The Court has reviewed the 21-page, single-spaced, second amended complaint filed by Mr. Martinez on January 26, 2011, and finds that the pleading again fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. As Magistrate Judge Boland previously informed Mr. Martinez, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. ***See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. ***See TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Martinez asserts seven claims in the Second Amended Complaint, which is rambling, confusing, and verbose. Mr. Martinez's first claim is titled "The Colorado DOC is not providing nor has it provided Plaintiff with adequate medical care constituting cruel and unusual punishment and equal protection because he voiced his displeasure with the quality of treatment and other issues." Second Amended Complaint at 5. In his first claim, Mr. Martinez provides a confusing and complex time line of events regarding his medical history that begins in 1983 and continues to the present. He alleges, ***inter alia***, that numerous prison officials at several different facilities failed to treat a broken finger, a shoulder injury, swollen prostate glands, allergies, gastritis, crushed lumbar vertebrae, high blood pressure, chronic thyroid imbalance, hepatitis c, and renal failure. Second Amended Complaint at 5-8. However, none of the medical personnel mentioned by Mr. Martinez in his first claim are named as Defendants. Indeed, throughout the Second Amended Complaint, Mr. Martinez includes numerous allegations against many different prison officials, although he does not make it clear whether he intends to name these prison officials as defendants.

Further, in the Second Amended Complaint, Mr. Martinez repeatedly refers the Court to grievances and exhibits that are apparently attached to either his original

Complaint or his Amended Complaint. It is clear that Mr. Martinez expects the Court to piece together allegations from the complaint and amended complaint with allegations in the second amended complaint. That is not a judicial function. Mr. Martinez's Second Amended Complaint fails to comply with Rule 8 because it does not a present "short and plain statement" of his claims showing that Mr. Martinez is entitled to relief.

The Court notes that Mr. Martinez may have meritorious claims in his Second Amended Complaint. Nonetheless, because any meritorious claim is inextricably intertwined with numerous other vague, conclusory, or meritless claims, the Court is unable to separate the potentially meritorious claims from those without merit. It is Mr. Martinez's responsibility to present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Martinez has failed to present his claims in such a format because he has failed to state his claims in a clear, succinct, and factual manner.

Mr. Martinez also fails to show clearly the personal participation of each named Defendant in the asserted claims. As Magistrate Judge Boland pointed out in the December 7, 2010, order for a second amended complaint, personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Martinez must show that each Defendant caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant, such as Warden Rae Timme or Warden Susan Jones, may not be

held liable on a theory of respondeat superior. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

In the December 7, 2010, order for a second amended complaint, Magistrate Judge Boland informed Mr. Martinez that, in order to state a claim in federal court, his second amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Martinez has failed to do so.

A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. ***See Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Second Amended Complaint does not meet the requirements of Rule 8 and must be dismissed. The Court notes that the dismissal is without prejudice. Therefore, Mr. Martinez may pursue his claims by initiating a new action that complies with the pleading requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the Second Amended Complaint and action are dismissed without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 22nd day of February, 2011.

BY THE COURT:

Zita Leeson Weinshienk

ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02472-BNB

Paul L. Martinez
Prisoner No. 44934
Centennial Correctional Facility
P.O. Box 600
Cañon City, CO 81215-0600

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on February 23, 2011.

GREGORY C. LANGHAM, CLERK

By: ______________________
Deputy Clerk